UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

MIRIAM GRUSSGOTT,

    Plaintiff,

vs.                                                                  Case No. 2:16-cv-01245

MILWAUKEE JEWISH DAY SCHOOL, INC.,

    Defendant.

NOW COMES the plaintiff, Miriam Grussgott, through her counsel, Alan C. Olson & Associates, S.C., by Alan C. Olson, and, as and for a Complaint against the defendant, Milwaukee Jewish Day School, Inc., alleges and shows as follows:

### NATURE OF THE CASE

1. This is a suit brought by the plaintiff, Miriam Grussgott, under the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 (ADAAA) (42 U.S.C. §§ 12101 to 12213), against the defendant, Milwaukee Jewish Day School, Inc., for its failure to accommodate Miriam Grussgott's disabilities and discharge of Miriam Grussgott because of her disabilities.

### JURISDICTION AND VENUE

2. Jurisdiction over Miriam Grussgott's ADA claims is conferred on this Court by 28 U.S.C. § 1331, 42 U.S.C. § 12117(a) and 42 U.S.C. 2000e-5(f)(3).

3. The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. §1391, in that Milwaukee Jewish Day School, Inc. can be found in the Eastern District and its unlawful actions occurred in the Eastern District.

## CONDITIONS PRECEDENT

4. All conditions precedent to this action within the meaning of Rule 9(c), Fed.R.Civ.Pro., have been performed or have otherwise occurred.

5. On or about May 11, 2015, Miriam Grussgott filed a disability discrimination complaint against Milwaukee Jewish Day School, Inc. with the Wisconsin Equal Rights Division, which was cross-filed with the Equal Employment Opportunity Commission.

6. On June 27, 2016, the Equal Employment Opportunity Commission issued Miriam Grussgott a Notice of Right to Sue.

## JURY DEMAND

7. Miriam Grussgott demands that her claims be tried to a jury of her peers.

## PARTIES

8. Plaintiff, Miriam Grussgott, ("Mrs. Grussgott") resides at 97 Kingsley Way, Freehold, NJ 077728.

9. Defendant, Milwaukee Jewish Day School, Inc. ("MJDS") is a corporation organized and existing under the laws of the State of Wisconsin, engaged in the business of operating a school located at 6401 N. Santa Monica Blvd., #1, Milwaukee, WI 53217.

## OPERATIVE FACTS

10. Mrs. Grussgott commenced employment with MJDS as a teacher for the 2013-14 school year.

11. In November 2013, Mrs. Grussgott underwent medical treatment for a brain tumor and was released from work at MJDS.

12. On June 11, 2014, Mrs. Grussgott was released to return to work at MJDS.

13. Mrs. Grussgott continued to suffer memory and cognitive problems after

returning to work during the 2014-15 school year.

14. Mrs. Grussgott qualifies as a disabled individual due to a physical or mental impairment that substantially limits one or more major life activities; she has a record of this kind of impairment; and, is regarded as having such an impairment.

15. Mrs. Grussgott's substantial limitations include, but are not limited to, verbal retention, verbal recognition, picture naming, working memory and long-term memory, which affect her thinking, comprehension, communicating and interacting with others.

16. The fact that Mrs. Grussgott underwent surgeries to her brain tumor is not material to the analysis of her legal claim against MJDS.

17. On March 13, 2015, a parent, Alexa Safer, called Mrs. Grussgott at home while she was in preparation for Shabbat Parah.

18. Ms. Safer is argumentative, belligerent and disrespectful toward the administration and faculty of MJDS, and her treatment of Mrs. Grussgott during that call was no exception.

19. Ms. Safer was abusive and taunted Mrs. Grussgott during the call about her memory problem.

20. Mrs. Grussgott was visibly upset by the confrontation so her husband, Rabbi Grussgott, became involved with the call that Ms. Safer had made to his wife in their home.

21. On March 13, 2015, Rabbi Grussgott emailed Ms. Safer that he planned to let others know that she was offensive and disrespectful toward his wife and other teachers.

22. When MJDS received notice that Ms. Safer had criticized Mrs. Grussgott for having memory problems, MJDS did not investigate the matter or engage in the interactive process, but instead discharged Mrs. Grussgott on the spot.

23. On March 16, 2015, Christy Horn provided a memo to Mrs. Grussgott's personnel file indicating that the discharge was, "due to a lack of ability to handle a parent situation and for using her MJDS email account to threaten a parent."

24. The "workplace problem" that gave rise to Mrs. Grussgott's difficulty was her inability to remember a particular event when confronted by Ms. Safer. This could have been remedied by MJDS through normal progressive discipline or counseling of Mrs. Grussgott.

25. MJDS was aware that it was Rabbi Grussgott, not Mrs. Grussgott, who challenged Ms. Safer during the call and sent Ms. Safer the email.

26. MJDS's reasoning for its discharge of Mrs. Grussgott was a pretext for discrimination on the basis of disability.

27. MJDS is aware that Mrs. Grussgott has a record of disability and there would have been no undue hardship imposed on MJDS by using normal progressive discipline in her situation.

28. A former non-disabled teacher, Ms. Lilach, was afforded repeated and extended opportunities to correct perceived deficiencies in her performance.

29. Mrs. Grussgott was never disciplined by MJDS prior to her termination.

30. Mrs. Grussgott satisfied the requirements of her position.

31. Mrs. Grussgott could perform the essential functions of her job with or without reasonable accommodation.

32. MJDS knew or reasonably should have known about Mrs. Grussgott's disabilities and the need for accommodation.

33. MJDS failed to reasonably accommodate Mrs. Grussgott's disabilities.

34. MJDS terminated Mrs. Grussgott because of her disabilities.

35. At all times relevant to this action, Mrs. Grussgott was a disabled individual with a physical or mental impairment that substantially limited one or more major life activities; had a record or past history of impairment; and/or was regarded as having an impairment.

36. At all times relevant to this action, Mrs. Grussgott was substantially limited by her disabilities in performing one or more major life activities.

37. MJDS's unlawful conduct has caused Mrs. Grussgott to suffer losses of wages, benefits, expenses, insurance, advancement opportunities, emotional pain, suffering, humiliation, embarrassment, mental anguish, and interest— all to her damage.

## CLAIM FOR RELIEF
### AMERICANS WITH DISABILITIES ACT

38. As and for a claim for relief, Mrs. Grussgott re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

39. The allegations more particularly described above constituted violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* when MJDS failed to accommodate Mrs. Grussgott and discharged Mrs. Grussgott because of her disabilities, causing her to suffer monetary and non-monetary losses.

Wherefore plaintiff, Miriam Grussgott, demands relief as follows:

    A. Judgment against the defendant awarding Mrs. Grussgott compensatory damages for losses of wages, benefits, expenses, insurance,

advancement opportunities, emotional pain, suffering, humiliation, embarrassment, mental anguish, and interest;

B.      Judgment against the defendants awarding Mrs. Grussgott her costs, disbursements, prejudgment interest, actual attorney fees and expert witness fees incurred in prosecuting this claim, together with interest on said fees; and

C.      Judgment against Milwaukee Jewish Day School requiring it to post in conspicuous places in its premises, a notice stating that it has been found to have violated the Americans With Disabilities Act of 1990, as amended, and that defendant, Milwaukee Jewish Day School, will take corrective action;

D.      Judgment against Milwaukee Jewish Day School awarding Mrs. Grussgott punitive damages in an amount consistent with 42 U.S.C. § 1981(a)(3);

E.      Such other relief as the Court deems just and equitable.

Dated this 16th day of September, 2016.

> s/ Alan C. Olson
> Alan C. Olson, Bar Number: 1008953
> Attorney for Plaintiff
> Alan C. Olson & Associates, S.C.
> 2880 S. Moorland Rd.
> New Berlin, WI 53151
> Telephone: (262) 785-9606
> Fax: (262) 785-1324
> Email: AOlson@Employee-Advocates.com