# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MIRIAM GRUSSGOTT,

                    Plaintiff,

v.

MILWAUKEE JEWISH DAY SCHOOL INC.,

                    Defendant.

Case No. 16-CV-1245-JPS

**ORDER**

      On December 20, 2016, the parties filed a stipulation for entry of a protective order. (Docket #24). The parties request that the Court enter a protective order so that the parties may avoid the public disclosure of confidential information and documents. *See* (Docket #24-1). Rule 26(c) allows for an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G); Civil L. R. 26(e).

      The Court sympathizes with the request and will grant it, but, before doing so, must note the limits that apply to protective orders. Protective orders are, in fact, an exception to the general rule that pretrial discovery must occur in the public eye. *American Telephone & Telegraph Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); Fed. R. Civ. P. 26(c); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Litigation must be "conducted in public to the maximum extent consistent with respecting trade secrets…and other facts that should be held in confidence." *Hicklin Eng'r, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

      Nonetheless, the Court can enter a protective order if the parties have shown good cause, and also that the order is narrowly tailored to serving

that cause. Fed. R. Civ. P. 26(c); *see, e.g., Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945, *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (holding that, even when parties agree to the entry of a protective order, they still must show the existence of good cause). The Court can even find that broad, blanket orders—such as the one in this case—are narrowly tailored and permissible, when it finds that two factors are satisfied:

> (1) that the parties will act in good faith in designating the portions of the record that should be subject to the protective order; and
>
> (2) that the order explicitly allows the parties to the case and other interested members of the public to challenge the sealing of documents.

*Cty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2006) (citing *Citizens First Nat'l Bank of Princeton*, 178 F.3d 943, 945 (7th Cir. 1999)).

The parties have requested the protective order in this case in good faith. This case involves an employment discrimination dispute which may require discovery of proprietary information, trade secrets, or other confidential or sensitive information of third parties. *See* (Docket #1). The Court thus finds that there is good cause to issue the requested protective order.

The proposed order adequately protects the parties' sensitive information while still allowing public disclosure of non-confidential information. However, the Court must note that it subscribes to the view that its decision-making process must be transparent and as publicly accessible as possible. Thus, the Court preemptively warns the parties that it will not enter any decision under seal.

Because the proposed protective order adequately complies with the standards set forth above, the Court will enter an order based on the parties' stipulation and proposed order to the Court. (Docket #24-1).

Accordingly,

Based on the parties' stipulation (Docket #24), the Court finds that exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

**IT IS THEREFORE ORDERED** that, pursuant to Fed. R. Civ. P. 26(c) and Civil L. R. 26(e):

Pursuant to the Federal Rules of Civil Procedure and Civil Local Rule 26(e), and based upon the agreement and stipulation of the parties, this Protective Order is hereby adopted and entered by the Court. In the absence of a contrary agreement of the parties or further Order by the Court, all information and documents produced in the course of discovery in the above-captioned action shall be subject to the following:

1. "CONFIDENTIAL INFORMATION" means any information determined by the producing party, or a party to this litigation if the document or information is produced by a non-party, acting in good faith, to contain non-public information constituting a trade secret, or other commercially, competitively, or financially sensitive information.

2. Plaintiff and Defendant may in their sole discretion designate any documents or other information produced during discovery as

"CONFIDENTIAL INFORMATION" if they, in good faith, believe that the designated material falls within the definitions set forth above. A party shall have the same right to designate as "CONFIDENTIAL INFORMATION" any documents or other information produced by a non-party, subject to the terms set forth in Paragraph 3 below.

3. A party that receives documents or other information from any non-party pursuant to a subpoena shall promptly notify the counsel of record for the other party within five (5) business days of receipt of the documents and information. Counsel for the other party shall then bear the responsibility of requesting, within five (5) business days of the notice, a copy of any responsive documents from the receiving party. Counsel for the other party shall bear the reasonable costs of obtaining a copy of any responsive documents from the receiving party. All counsel will have fifteen (15) days from the date of receipt of the documents in which to designate the documents or information "CONFIDENTIAL INFORMATION," where appropriate ("Review Period"). During the Review Period, all documents shall be temporarily treated as CONFIDENTIAL INFORMATION.

4. Designation of CONFIDENTIAL INFORMATION must be made by placing or affixing on each page of the document, in a manner that will not interfere with its legibility, the words "CONFIDENTIAL." In the event that a document is produced in a form that is incapable of the contemplated affixation, the parties agree that production of such a document will not waive the confidential treatment of that document, so long as the producing party clearly indicates that such a document should be designated as CONFIDENTIAL INFORMATION.

5. If a party believes that any material produced or disclosed in the course of discovery has been improperly designated as CONFIDENTIAL

INFORMATION, it may, at any time, contest the appropriateness of that designation by notifying the designating party (or non-party) in writing and identifying the particular information or material for which the designation is contested. If the parties (or non-parties) are unable to come to an agreement regarding the contested designation within 10 business days of the notice contesting the designation, a party may challenge the designation by filing a motion with the Court. The movant must accompany such a motion with a statement demonstrating that it has made a good faith effort to resolve the challenge through discussion with the designating party (or non-party). Until the Court renders an opinion on the challenged document(s), such document(s) will be treated in accordance with section 13 below. In any such challenge, the designating party (or non-party) bears the burden of proving that its designation complies with the terms of this Protective Order.

6. Subject to Paragraphs 9 and 10 of this Order, documents or other information marked as CONFIDENTIAL INFORMATION may be used only in connection with the above-captioned litigation and shall not be disclosed, displayed, shown, made available, or communicated in any way to anyone other than the following:

(a) The parties, their officers, directors, agents, and employees, to the extent that a party's counsel (including in-house counsel) determines in good faith that disclosure to such person is reasonably necessary to the conduct of the above-captioned litigation or to the provision of legal advice relating to the litigation;

(b) The parties' counsel (including in-house counsel) along with their partners, associates, paralegals, and/or support and office staffs;

(c) Clerks, copying services, and/or other administrative support retained to make copies;

(d) The Court and its staff;

(e) Outside consultants and experts contracted and/or retained by a party to testify, advise, or otherwise assist in the above-captioned litigation, and the support and office staffs of such consultants and experts, provided that such experts and/or consultants receive a copy of this Protective Order agree to be bound by its terms and provisions and shall first sign a copy of the form attached hereto as Exhibit "A";

(f) Court reporters, videographers, and witnesses to the extent necessary for preparing or taking testimony;

(g) Such other persons as the Court may specifically approve after notice and hearing; and

(h) Such other persons as the parties may agree in writing, consent as to which shall not unreasonably be withheld.

7. Subject to any conflicting agreement of the parties, further orders by the Court, or as may be required by law, Persons to whom Paragraph 6 permits disclosure of CONFIDENTIAL INFORMATION shall not use or communicate such information for purposes other than the conduct of this litigation, including pre-trial motions, trial preparation, trial, appeal, and/or settlement of this matter.

8. A non-party producing documents or information in the above-captioned litigation shall have the same rights as the parties to designate such material as CONFIDENTIAL INFORMATION if the non-party, in good faith, believes that the designated material falls within the definitions set forth above. A non-party shall have no further rights under this Protective Order other than the ability to designate its documents and information as

CONFIDENTIAL INFORMATION. If either party contests the propriety of a designation by a non-party, the issue may be resolved by the Court at its sole discretion.

9. Nothing in this Protective Order shall restrict a party's use of CONFIDENTIAL INFORMATION produced by that party.

10. Nothing in this Protective Order shall prevent a party from complying with a subpoena, court order, or other legal obligation to produce information. In the event that a party is served with a subpoena or other request calling for the production of information designated by another party as CONFIDENTIAL INFORMATION, the served party shall notify the designating party as soon as practicable and prior to releasing or producing the CONFIDENTIAL INFORMATION so that the designating party may take all steps that it deems necessary to protect the CONFIDENTIAL INFORMATION.

11. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally upon counsel's examination of material designated as CONFIDENTIAL INFORMATION, provided that in rendering such advice counsel shall not make specific disclosures of such designated material except as otherwise permitted by this Order.

12. To the extent that any of the records and information referenced in Paragraph 1 are filed with the Court, or are substantively incorporated in any papers to be filed with the Court, the records and papers must be redacted only to the extent necessary to conceal such CONFIDENTIAL INFORMATION. If the parties seek to seal a document, either in part or in full, they must file a motion to seal that document, together with a redacted copy on the record. They must also simultaneously

file unredacted copies under seal with the Clerk of Court in an envelope marked "SEALED." A reference to this Order may also be made on the envelope. The parties shall act in good faith in designating records to be filed, in whole or in part, under seal.

13. An interested member of the public may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L. R. 37.

14. Information disclosed at the deposition of a witness may be designated as CONFIDENTIAL INFORMATION subject to the provisions of this Order. Such designation shall be made on the record in the deposition or by notifying the other party in writing within 15 business days of receipt of the transcript. To the extent practicable, the court reporter shall segregate designated CONFIDENTIAL INFORMATION disclosed during a deposition into a separate transcript, which shall be marked in the manner described in Paragraph 4 and disclosed only to those persons authorized by this Protective Order to receive CONFIDENTIAL INFORMATION.

15. If any party elects to use CONFIDENTIAL INFORMATION at trial, that party shall give notice of its intention to the Court and the other party at or before the final pretrial conference in this matter. Any party may move the Court for an order, upon good cause shown, that the foregoing notice requirement shall not apply to a particular document or item of information. The parties understand and agree that good cause may include, without limitation, the need to impeach or rebut surprise testimony or testimony that is outside the scope of a witness's previous statements.

16. Disclosure of CONFIDENTIAL INFORMATION pursuant to the terms of this Protective Order shall not waive the confidentiality of such information or objections to production. The inadvertent, unintentional, or

*in camera* disclosure of CONFIDENTIAL INFORMATION shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality. Documents or deposition testimony containing CONFIDENTIAL INFORMATION that are unintentionally produced or disclosed without designation may be retroactively designated as CONFIDENTIAL INFORMATION by giving written notice to the opposing party and marking the material as described in Paragraph 4. Any such retroactive designation will not affect the propriety of any prior disclosure of the information at issue.

17. The inadvertent or unintentional disclosure of material that is subject to the attorney-client privilege or attorney work product doctrine shall not operate as a waiver of such privileges, subject to the requirements of Rule 502(b) of the Federal Rules of Evidence and Rule 26(b)(5)(B).

18. Nothing in this Protective Order, and no action taken pursuant to it, shall prejudice the right of any party to contest the relevancy, admissibility, or discoverability of any information sought or produced in the above-caption litigation.

19. Nothing in this Protective Order shall prevent any party from seeking a modification of the Protective Order or otherwise objecting to discovery that it believes to be improper.

20. Unless otherwise agreed by the parties or ordered by the Court, this Protective Order shall remain in force after dismissal or entry of final judgment not subject to further appeal. Within forty-five (45) days after dismissal or entry of final judgment not subject to further appeal, all CONFIDENTIAL INFORMATION shall be returned to the producing party, upon request, unless: (1) the document has been offered into evidence or filed without restriction as to its disclosure; (2) the parties agree to the destruction

of the information in lieu of return, to the extent practicable and permitted by law; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding any of the above, counsel may retain attorney work product and archival copies of court filings and transcripts as necessary to maintain complete attorney files relating to the litigation.

21. Unless otherwise agreed by the parties or ordered by the Court, the obligations and other responsibilities of the parties and counsel under this Protective Order shall continue in effect after the conclusion of the litigation.

Dated at Milwaukee, Wisconsin, this 27th day of December, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 10 of 10

Case 2:16-cv-01245-JPS   Filed 12/27/16   Page 10 of 10   Document 25